IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAMONA FLENORY                                                                              PLAINTIFF

vs.                                          Civil No. 4:12-cv-04012

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ramona Flenory ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed her SSI application on August 12, 2009.  (Tr. 10, 130-136).  Plaintiff alleges being disabled due to the following:

> Obesity, narpolespy [narcolepsy], back, arthritis of left leg.  I have arthritis in my left leg.  I have back pains I have swelling in my left leg also.

(Tr. 147).  Plaintiff claims her impairments cause her to be unable to stand for "any length of time." (Tr. 148).  Plaintiff alleges an onset date of July 31, 2009.  (Tr. 10, 130).  This application was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

denied initially and again upon reconsideration. (Tr. 50-51). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 57-59, 70-75). Plaintiff's administrative hearing was held on May 17, 2011 in Texarkana, Arkansas. (Tr. 21-49). Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff, Medical Expert ("ME") Howard McClure, and an unnamed Vocational Expert ("VE") testified at the hearing in this matter. *Id.*

On June 6, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-16). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 12, 2009, her application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: morbid obesity and osteoarthritis. (Tr. 12, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 3). The ALJ determined Plaintiff was twenty-nine (29) years old on her application date. (Tr. 15, Finding 6). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). *Id.* The ALJ also determined Plaintiff had a "limited education" and was able to communicate in English. (Tr. 15, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-15, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work with no climbing ropes, ladders, or scaffolds with only occasional postural limitations.

*Id.* Pursuant to 20 C.F.R. § 416.967(a) (2010), "[s]edentary work" involves the following:

> (a) Sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time with occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 15, Finding 5).  The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 15-16, Finding 9).  The ALJ relied upon the testimony of the Vocational Expert ("VE") in making this determination.  (Tr. 15-16). Specifically, the VE testified that with Plaintiff's limitations, Plaintiff would be able to perform the requirements of unskilled, sedentary jobs such as the following: (1) charge account clerk with 3,423 such jobs in Texas and 33,901 such jobs in the United States; (2) film inspector with 2,770 such jobs in Texas and 84,372 such jobs in the United States; and (3) document preparer with 9,147 such jobs in Texas and 141,951 such jobs in the United States.  (Tr. 16).  Based upon his finding that Plaintiff could perform other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act since her application date of August 12, 2009.  (Tr. 16, Finding 10).

Thereafter, on June 22, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6).  On February 10, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 27, 2012.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8, 12.  This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred by finding her impairments did not meet the requirements of Listings 1.00Q (obesity) and 1.00(B)(2)(b) (degenerative joint disease of both knees); (B) the ALJ erred in relying upon the state agency's medical examiners' opinions over those of her treating physician; and (C) the ALJ erred in discrediting her subjective complaints of disabling pain.  ECF No. 8.  In response, Defendant argues substantial evidence supports the ALJ's decision that Plaintiff's impairments do not meet or equal a listed impairment, the ALJ gave proper weight to the opinion of Plaintiff's treating physician, and the ALJ properly considered Plaintiff's subjective complaints.  ECF No. 12.  The Court will address each of the arguments Plaintiff has raised.

**A.    Listed Impairments**

Plaintiff claims her impairments meet the requirements of Listing 1.00Q (obesity) and 1.00(B)(2)(b).  ECF No. 8.  The Court will consider both of these proposed listings to determine

whether Plaintiff meets those requirements.  First, Plaintiff claims her impairments qualify her as disabled under Listing 1.00Q (obesity).  ECF No. 8 at 9-11.  As an initial matter, standing alone, "obesity" is not *per se* disability under the listings of impairments.  Instead, under Listing 1.00Q, the "[e]ffects of obesity" are considered in combination with other impairments to determine whether a claimant is disabled.  In his opinion, the ALJ recognized Plaintiff suffers from the severe impairment of obesity.  (Tr. 12, Finding 2).  The ALJ also considered her weight and her medical records related to her obesity.  (Tr. 13).  There is no indication the ALJ did not fully evaluate the "[e]ffects of [her] obesity."  Accordingly, the Court finds Plaintiff's first claim regarding Listing 1.00Q is without merit.

Second, Plaintiff claims her impairments qualify her as disabled under Listing 1.00(B)(2)(b).  Again, Listing 1.00(B)(2)(b) is not one of the listings of impairments.  Instead, this section provides guidance for interpreting the listings of impairments.  Based upon her briefing, it appears Plaintiff is actually claiming her knee impairments meet the requirements of Listing 1.02 ("Major dysfunction of a joint(s) (due to any cause)").  To meet the requirements of Listing 1.02, Plaintiff must demonstrate she has a "gross anatomical deformity" that results in chronic pain.  Plaintiff has not alleged she suffers from such a "gross anatomical deformity," and there is no indication in the record that she suffers from such a deformity.  Accordingly, the Court finds the ALJ correctly determined Plaintiff's impairments do not meet the requirements of Listing 1.02.

### B.   Opinion of Her Treating Physician

Plaintiff claims the ALJ improperly discounted the findings of her treating physician, Dr. L. J. Parker, M.D.  ECF No. 8 at 11-14.  Specifically, Plaintiff argues the ALJ erred by failing to give greater weight to Dr. Parker's opinion letter dated August 11, 2009 (Tr. 201) and Dr. Parker's "(Physical) Residual Functional Capacity Evaluation" completed on May 19, 2011.  (Tr. 269-272).

Upon review, Dr. Parker's opinion letter from August 11, 2009 merely stated the following: "To whom it may concern: Due to her medical conditions the patient is not able to work in any way at this time. If there are any questions or further information is needed do not hesitate to call." (Tr. 201). Further, Dr. Parker's RFC evaluation from May 19, 2011 consist of four pages of "checklist" questions. (Tr. 269-272). The ALJ discounted Dr. Parker's findings regarding Plaintiff's alleged disability for the following reasons:

> Dr. Parker's assessment that the claimant is unable to work is clearly from a treating source but his assessment is not a medical opinion but rather a vocational one. Moreover, the treating source opinion is not supported by any recent diagnostic studies or clinical findings or the record as a whole. Additionally, it is inconsistent with Medical Expert testimony and State Agency Assessment which have been accorded great weight. Therefore, under the guidelines contained in 20 CFR 416.927(d)(2) and Social Security Rulings 96-2p and 96-5p, the claimant's treating source assessment is given no probative value.

(Tr. 14).

Upon review, the Court finds the ALJ properly discounted Dr. Parker's opinions regarding Plaintiff's limitations and her ability to return to work. First, the ALJ correctly recognized these assessments regarding Plaintiff's ability to work were more vocational than medical. Indeed, in both the opinion letter and the report, the ALJ references no treatment records to support his findings. (Tr. 201, 269-272). The most recent treatment note supporting the May 19, 2011 assessment was from May 16, 2011. (Tr. 248). During this appointment, Plaintiff reported to Dr. Parker that it had "been a while since she saw the doctor and states that she felt it was time for it." *Id.* Plaintiff also reported that despite her allegedly disabling pain, she "did not make pain specialist appt back in Oct." *Id.* The fact that Plaintiff was not consistently seeking treatment undercuts her claim that she suffers from disabling pain and certainly contradicts Dr. Parker's findings that she is unable to work. *See Casey v. Astrue,* 503 F.3d 687, 693 (8th Cir. 2007). Second, neither the a two-sentence opinion

letter nor a "checklist" report are entitled to controlling weight because they provide no more than conclusory opinions. *See Hamilton v. Astrue,* 518 F.3d 607, 1 (8th Cir. 2008) (holding "a treating physician's opinion does not deserve controlling weight when it is nothing more than a conclusory statement"). Accordingly, the Court finds the ALJ did not err in discounting Dr. Parker's opinions.

    **C.**    **Subjective Complaints**

Plaintiff claims the ALJ improperly discounted her subjective complaints. ECF No. 8. Specifically, Plaintiff claims the "Administrative Law Judge never gave a reason in his opinion as to why he discredited Plaintiff's symptoms and complaints of pain." *Id.* at 16. In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints and discounted those complaints for legally-sufficient reasons. ECF No. 12 at 13-17.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis.  Indeed, after reviewing Plaintiff's subjective allegations and the medical records in her case, the ALJ also considered her medications, her daily activities, and her functional limitations.  (Tr. 13-15).  Indeed, as to her medications, the ALJ noted the following: "Her medications are shown at Exhibit 2E and she specifically denied any side-effects." (Tr. 15). The ALJ also noted the following regarding her daily activities and functional limitations: "The claimant alleges that his [her] daily activities and functional limitations are limited; however, at the hearing she testified [she] sweeps and then sits down; that she sits and does dishes; that she is able to take a bath; and she grocery shops in a cart." *Id.*  Because the ALJ gave "good reasons" for discounting Plaintiff's subjective complaints, the

9

ALJ's credibility determination is entitled to deference. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE